Drexel A. Bradshaw (SBN 209584)
Brenda D. Posada (SBN 152480)
Bradshaw & Associates, P.C.
44 Montgomery Street
Thirty-Eighth Floor
San Francisco, CA 94104
Phone: (415) 433-4800
Fax:    (415) 433-4841

Attorneys for Plaintiff Reynaldo Gregorio

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| REYNALDO GREGORIO,<br><br>               Plaintiff,<br><br>        vs.<br><br>TROPHY PROPERTIES IX, LLC, a Delaware company, CITIAPARTMENTS, INC., SKYLINE REALTY, INC., CLARENCE CURL, DAN MOLIERI, FRANK LEMBI, WALTER LEMBI, ANDREW HAWKINS, and DOES 4 through 10, inclusive,<br><br>               Defendants. | CASE NO.: CV-9-2979-SC<br><br>**STIPULATION AND [PROPOSED] ORDER RE DISMISSAL RETAINING JURISDICTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br><br>**JUDGE:        HON. RICHARD CONTI**<br><br>**TRIAL DATE:  APRIL 11, 2011** |

Plaintiff Reynaldo Gregorio ("Plaintiff") and Defendants TROPHY PROPERTIES IX, LLC, a Delaware company, CITIAPARTMENTS, INC., SKYLINE REALTY, INC., CLARENCE CURL, DAN MOLIERI, FRANK LEMBI, WALTER LEMBI, ANDREW HAWKINS (collectively "Defendants"), by and through their undersigned counsel, do herewith submit this Stipulation re Dismissal Retaining Jurisdiction to Enforce Settlement Agreement (the "Dismissal Stipulation.")

WHEREAS on July 9, 2010, Plaintiff filed his FIRST AMENDED COMPLAINT ("Complaint") against Defendants TROPHY PROPERTIES IX, LLC, a Delaware company, CITIAPARTMENTS, INC., SKYLINE REALTY, INC., CLARENCE CURL, DAN MOLIERI, FRANK LEMBI, WALTER LEMBI, ANDREW HAWKINS, and DOES 4 through 10, inclusive (referred herein as the "Action").

1    WHEREAS, the Complaint alleges causes of action for VIOLATIONS OF RACKETEER AND

2    CORRUPT ORGANIZATIONS ACT (18 U.S.C. § 1961), MAIL FRAUD (18 U.S.C. § 1341), WIRE

3    FRAUD (18 U.S.C. § 1343), CIVIL FORFEITURE (18 U.S.C. § 981), CIVIL CODE § 1565, 1572,

4    3300, 3336, 1950.5, SAN FRANCISCO RENT ORDINANCE, AND UNFAIR COMPETITION LAW

5    based on claims that Plaintiff and Trophy Properties, IX, LLC entered into an agreement under which

6    Plaintiff agreed that he and his roommate will vacate the apartment at 2380 California Street, #202, San

7    Francisco, California for a payment of $23,900.00, paid Plaintiff $1,000.00 but failed to pay the

8    remaining balance owing of $22,900.

9    　　　WHEREAS, trial in this matter is currently set for April 11, 2011.

10   　　　WHEREAS, the parties in this Action have executed a Settlement Agreement and General

11   Release ("Settlement Agreement"), an executed copy of which is attached hereto as Exhibit 1.

12   　　　WHEREAS, the parties request under Local Rule 7-11 that this Court retain jurisdiction solely

13   to enforce the terms of the Settlement Agreement.

14   　　　WHEREAS, the parties agree that all the named Defendants in this Action be dismissed without

15   prejudice until all the terms of the Settlement Agreement have been fully complied with by all the

16   parties in the Action.

17   　　　WHEREAS, the parties agree that unless enforcement proceedings are pending, the Action will

18   be treated for all purposes, as dismissed with prejudice after June 15, 2011, without further order of this

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1 | Court.

2 | DATE: March 29, 2011                    BRADSHAW & ASSOCIATES, P.C.

3 |

4 |                                        By: _____/s/_____

5 |                                            Brenda D. Posada
                                                Attorney for Plaintiff Reynaldo Gregorio

6 |

7 | DATE: March 29, 2011

8 |                                        By: _____/s/_____

9 |                                            Edward Singer
                                                Attorney for Defendants

10 |

11 |                        **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

12 |

13 | Date: _____3/31/11_____              _____
                                           Judge Samuel Conti
14 |                                       United St...

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

*Gregorio v. Trophy Properties IX, LLC, et al. –STIPULATION and [PROPOSED] ORDER RE DISMISSAL*
*Z:\Clients\2009\32 - Gregorio v. Trophy Properties IX LLC\PLED\Stipulation and Order re Dismissal BDP-170721.doc3/29/2011 5:15:00 PM*

# EXHIBIT 1

<u>**SETTLEMENT AGREEMENT AND GENERAL RELEASE**</u>

This Settlement Agreement and General Release (the "Agreement") is entered into by between and among Plaintiff Reynaldo Gregorio ("Plaintiff"), and Defendants TROPHY PROPERTIES IX, LLC, a Delaware company, CITIAPARTMENTS, INC., SKYLINE REALTY, INC., FRANK LEMBI,  (collectively referred to as "Defendants") , in light of the Recitals made and in consideration of the promises, representations, and warranties made herein:

<u>RECITALS</u>

**A.**      On or about November 25, 2008, Plaintiff and Trophy Properties, IX, LLC entered into an agreement under which Plaintiff agreed that he and his roommate will vacate the apartment at 2380 California Street, #202, San Francisco, California for a payment of $23,900.00, which included return of a security deposit in the amount of $1,900.00.

**B.**      On or about February 28, 2009, Plaintiff and his roommate surrendered the apartment to Trophy Properties IX, LLC. Trophy Properties IX, LLC paid Plaintiff $1,000.000 but failed to pay the remaining balance owing of $22,900.

**C.**      On July 1, 2009, Plaintiff Gregorio filed his initial Complaint against Defendants TROPHY PROPERTIES IX, LLC, a Delaware company, CITIAPARTMENTS, INC., SKYLINE REALTY, INC., CLARENCE CURL, DAN MOLIERI, and DOE 1 through DOE 10, inclusive, in the Northern District of California, San Francisco Division, Case No. CV 09-2979 ("the Action").  Plaintiff claims contractual breach, fraud, mail and wire fraud, and violations of the San Francisco Rent Ordinance and the Racketeer and Corrupt Organizations Act. Said action is entitled Reynaldo Gregorio v TROPHY PROPERTIES IX, LLC, a Delaware company, CITIAPARTMENTS, INC., SKYLINE REALTY, INC., CLARENCE CURL, DAN MOLIERI, and DOE 1 through DOE 10, inclusive. The action arose out of the transaction described in Sections A and B.

**D.**      Thereafter, on July 9, 2010, Plaintiff filed his  FIRST AMENDED COMPLAINT FOR VIOLATIONS OF RACKETEER AND CORRUPT ORGANIZATIONS ACT (18 U.S.C. § 1961), MAIL FRAUD (18 U.S.C. § 1341), WIRE FRAUD (18 U.S.C. § 1343), CIVIL FORFEITURE (18 U.S.C. § 981), CIVIL CODE § 1565, 1572, 3300, 3336, 1950.5, SAN FRANCISCO RENT ORDINANCE, AND UNFAIR COMPETITION LAW against Defendants TROPHY PROPERTIES IX, LLC, a Delaware company, CITIAPARTMENTS, INC., SKYLINE REALTY, INC., CLARENCE CURL, DAN MOLIERI, FRANK LEMBI, WALTER

LEMBI, ANDREW HAWKINS, and DOES 4 through 10, inclusive. The Action arose out of the transaction described in Sections A and B.

      **E.**      The Parties wish to settle completely and finally all disputes and differences among them arising from or relating to the Action.

**AGREEMENTS**

      **1.**      **General Release.**  Plaintiff, on behalf of itself, its executors, administrators, attorneys, employees, directors, officers, agents, representatives, partners, predecessors, successors, subsidiaries, and assigns, and in consideration of the sum Seventy-Five Thousand Dollars ($75,000) ("Settlement Consideration") paid to Plaintiff, in installments, by Defendants, upon the terms set forth in this Agreement, hereby fully releases Defendants TROPHY PROPERTIES IX, LLC, a Delaware company, CITIAPARTMENTS, INC., SKYLINE REALTY, INC., and  FRANK LEMBI, as well as named defendants Clarence Curl, Dan Molieri, Walter Lembi, and Andrew Hawkins, their executors, administrators, attorneys, employees, directors, officers, agents, representatives, partners, predecessors, successors, subsidiaries, and assigns from all claims and causes of action by reason of any damage which has been sustained, or may be sustained, as a result of the above-described transaction (collectively, "Claims").

      **2.**      **Payment.**  Defendants shall pay Plaintiff the sum of Seventy-Five Thousand Dollars ($75,000), in installment payments as follows:

            $25,000 on or before April 1, 2011

            $25,000 on or before April 22, 2011

            $25,000 on or before May 22, 2011

Payment of each installment shall be made by check payable to: **Bradshaw & Associates, PC, in trust for Plaintiff Reynaldo Gregorio**. The check must be **received** by the date due.

      The release of Claims in Section One and against all parties named therein, including Defendants Clarence Curl, Dan Molieri, Walter Lembi, and Andrew Hawkins, with prejudice, and all Plaintiffs' obligations under this Agreement, are conditioned upon the **full and timely** payment of the Settlement Consideration by Defendants Frank Lembi, Trophy Properties IX, LLC, CitiApartments, Inc., and Skyline Realty, Inc, jointly and severally. Should Defendants fail to timely pay an installment as set forth, Plaintiff may rescind this Agreement and pursue all rights and remedies against Defendants.

3.     **Dismissal With Prejudice.**  Upon full payment of the sums described in Section 2, Plaintiff will prepare and file a Request for Dismissal with prejudice of the Action, if this Court has not already done so.

4.     **Release of Unknown Claims.**   Plaintiff acknowledges and agrees that the release in this Agreement applies to all claims that Plaintiff may have against Defendants arising out of the above-described transaction for claims, injuries, damages, or losses to Plaintiff's person and property, real or personal, whether those injuries, damages, or losses are known or unknown, foreseen or unforeseen, or patent or latent.

Plaintiff has read and understands section 1542 of the Civil Code, set out below.

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff hereby waives application of section 1542 of the Civil Code.

Plaintiff understands and acknowledges that if Plaintiff should eventually suffer additional damages arising out of the above-described transaction, he will not be permitted to make any claims, including any claims for those damages.  Furthermore, Plaintiff acknowledges that he intends these consequences even as to claims for damages that may exist as of the date of this Agreement but which Plaintiff does not know exist, and which, if known, would materially affect Plaintiff's decision to execute this Agreement, regardless of whether Plaintiff's lack of knowledge is the result of ignorance, oversight, error, negligence, or any other cause.  Plaintiff understands that the claims being released are claims that have not been fully litigated and that the facts and the evidence may be other than as they are currently believed to be, and assumes full responsibility of any claims, injury, damages, losses, or other liability of any kind or nature whatsoever which it has or may hereafter incur, and which is subject to this Agreement.

5.     **Warranty of Ownership of Claim and Authority to Settle and Release Claims.**  Plaintiff warrants that he is the sole owner of the claims described in this Agreement. The Parties warrant that the execution of this Agreement, and the covenants, representations warranties promises and releases created hereunder, have been duly authorized by all necessary corporate, partnership or other necessary action and that the person signing this Agreement has full authority to do so.

Plaintiff represents and warrants that he has not assigned or transferred or purported to assigned or transferred or purported to assign or transfer to any person, firm, or corporation any claim, demand, damage, debt, liability, account, action, or cause of action herein released and that he is the sole holder of any and all claims alleged in the Action. Plaintiff agrees to indemnify and hold harmless Defendants against any third party claim, demand, damage, debt, liability, account, action, cause of action, cost or expense including attorney's fees actually paid or incurred, arising out of the allegations in the Action.

6.    **Reliance On Advice Of Attorney.**   Each party warrants and represents that in executing this Agreement, he/it has relied on legal advice from the attorney of his/its choice, that the terms of this Agreement and its consequences have been completely read and explained by that attorney, and that each party fully understands the terms of this Agreement.

7.    **Factual Assumptions.**   Each party acknowledges and represents that (a) he/it has been apprised of all relevant information and data and all other information relevant to his/its claims and this Agreement, including, without limitation, future risks, complications, and costs, (b) in executing this Agreement, he/it has not relied on any inducements, promises, or representations made by any other party or representative of any party, or any mediator or other person participating in the settlement, other than as set forth herein, and (c) he/it understands the facts which it assumed or thought to be true at the time this Agreement was entered into may hereafter be found to be untrue, different or incomplete and he/it accepts and assumes the risk of such a turn of events.

8.    **Execution Voluntary.**   The Parties acknowledge and warrant that his/its execution of this Agreement is free and voluntary.

9.    **No Admission of Liability.**   This Agreement pertains to disputed claims and does not constitute an admission of liability by any party for the above-described transaction. Neither this Agreement nor the fact that it has been entered into shall be construed as an admission of fault or liability nor shall anything contained within this Agreement be construed or deemed to be evidence of any admission of any liability or wrongdoing whatsoever, or of any allegation made in the Action. Neither evidence of this Settlement Agreement and General Release, nor any negotiations or discussions between the parties, shall be admissible for any purpose in any proceeding, except for enforcement of its provisions. It is expressly understood that Defendant denies any such liability or wrongdoing. Each Party, its agents, employees, and

individuals or entities under its control shall make no disparaging remarks about the other Party, its companies or affiliated companies.

**10.     Attorney Fees and Costs.** Each party shall bear its own attorney fees, expenses and costs, incurred in said action or arising out of or in any way connected with the circumstances and disputes which are the subject of this Settlement Agreement and General Release, except that (1) in the event that a suit or motion is brought by one party against another to declare rights under, or to enforce any of the provisions of this Agreement, the prevailing party or parties shall be entitled to recover their attorney fees and costs actually incurred, in addition to any other relief to which said party may be entitled in accordance with applicable statute,  and (2) if Plaintiff obtains a judgment against any Defendant, Plaintiff may obtain attorney fees incurred in the enforcement of such judgment.

**11.     Cooperation.** The Parties agree to cooperate in good faith to carry out the provisions and intent of this Agreement, including the execution and delivery of any other documents necessary to carry out its provisions.

**12.     Integration and Modification.** This Agreement contains the entire agreement of the parties hereto.  Any previous statements, understandings, inducements, representations, or agreements among the Parties are superseded by this Agreement.  This Agreement shall not be amended or modified except in a writing executed by all the Parties.

**13.     Binding Nature of Agreement.** This Agreement shall be binding upon and shall inure to the benefit of each party, his/her heirs, executors, administrators, attorneys, employees, directors, officers, agents, representatives, partners, predecessors, successors, subsidiaries and assigns.

**14.     Severability.** The provisions of this Agreement are severable.  If a court of competent jurisdiction rules that any provision of this Agreement is invalid or unenforceable, such ruling will not affect the validity and enforceability of the other provisions of the Agreement.

**15.     Governing Law, Construction, and Venue.** This Agreement shall be governed by, and construed and enforced under the laws of the State of California. Any disputes under this Agreement shall be determined in the Northern District of California, San Francisco Division. All of the Parties have participated in the drafting and preparation of this Agreement and it shall be construed accordingly.

16.     **Confidentiality.** For consideration acknowledged and received, the Parties agree, that except as may be necessary to enforce the provisions of this Settlement Agreement and Release, the Parties, the Parties' agents, the Parties' employees, and the Parties' legal counsel, expressly agree to maintain the terms and conditions of this Settlement Agreement and General Release, including, without limitation, the Settlement Amount and other consideration, in the STRICTEST CONFIDENCE. The Parties and their legal counsel may disclose the terms and conditions of this Agreement, only to the following:

     a.     The Parties' legal counsel;

     b.     The Parties' accountants and/or financial institutions or advisors; or

     c.     As compelled by court order.

17.     **Enforcement.** This Agreement is enforceable by motion.  The court of the Northern District of California may enter judgment and/or take whatever steps are necessary to enforce the settlement, and said court shall retain jurisdiction for this purpose. Parties stipulate to allow the Court to exercise its inherent authority to enforce this Settlement Agreement and General Release. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1139 (9th Cir. 2002)

18.     **Execution In Counterparts.**  This Agreement may be executed in counterparts, each of which shall be deemed an original, and together shall constitute on and the same instrument, having the same force and effect as if a single original had been executed by all

///

///

///

///

///

///

///

///

///

///

///

parties.

WITNESS THE FOLLOWING SIGNATURES:

Dated: March 29, 2011

PLAINTIFF

By: _____
       Reynaldo Gregorio

Dated: March 29, 2011

DEFENDANTS

SKYLINE REALTY, INC.
TROPHY PROPERTIES, IX, LLC
CITIAPARTMENTS, INC.

By: _____
       Frank Lembi

Its: Director

Dated: March 29, 2011

DEFENDANT FRANK LEMBI

By: _____
       Frank Lembi, as individual

APPROVED AS TO FORM:

By: _____
       Brenda D. Posada
       Attorneys for Plaintiff

Dated: March 29, 2011

By: _____
       Edward Singer
       Attorneys for Defendants
       SKYLINE REALTY, INC.
       TROPHY PROPERTIES, IX, LLC
       CITIAPARTMENTS, INC.
       FRANK LEMBI
       CLARENCE CURL
       DAN MOLIERI

Dated: March 29, 2011

Settlement Agreement & General Release

Page 7 of 7